IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CATHERINE L. MARTIN,
as Personal Representative of the
Estate of DARRELL G. MARTIN,
deceased,

    Plaintiff,

vs.                              CASE NO. 5:11-cv-144/RS-CJK

MEDTRONIC, INC., and
SARACARE CORP.,

    Defendants.
_____/

## ORDER

Before me are Plaintiff's Motion for Remand (Doc. 10) and Defendant Medtronic, Incorporated's ("Medtronic") Memorandum in Opposition (Doc. 16).

The jurisdiction of this case is based on diversity of citizenship, 28 U.S.C. § 1332. Plaintiff is a citizen of Florida. Medtronic is a citizen of Minnesota, and Defendant SaraCare Corporation ("SaraCare") is a citizen of Florida. As the complaint now stands, complete diversity does not exist and there is no jurisdiction for this court to hear the claims.

Medtronic asserts that SaraCare was fraudulently joined in this action to defeat diversity and is, thus, an improper party. A fraudulently joined party must be dismissed if a defendant shows that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Florence v. Crescent Res., LLC*, 484 F.3d 1293,

1297 (11th Cir. 2007).  The removing party bears the burden of establishing fraudulent joinder.  *Petty v. Wyeth*, 2004 U.S. Dist. LEXIS 28725 (N.D. Fla. 2004).

Plaintiff asserts, among other things, strict products liability claims against SaraCare (Doc. 1, p. 91-95) for an allegedly defective insulin pump.  Generally, strict liability extends to those in the "distributive chain" including "retailers, wholesalers, and distributors."  *Samuel Friedland Family Enters. v. Amoroso*, 630 So. 2d 1067, 1068 (Fla. 1994).  Strict liability is applicable to distributors of medical products.  *Porter v. Rosenberg*, 650 So. 2d 79, 81 (Fla. 4th DCA 1995).

Strict liability, however, does not generally apply to doctors or hospitals that use a defective medical device incidental to their services.  *Id.*  Similarly, strict liability does not apply to pharmacists who simply dispense prescription drugs and play no role in their preparation.  *Fontanez v. Parenteral Therapy Assocs.*, 974 So. 2d 1101, 1105 (Fla. 5th DCA 2007).

 Plaintiff asserts that SaraCare "is engaged in the for-profit sale or distribution of medical supplies" including the insulin pump in question (Doc. 10, p. 2).  Defendants, on the other hand, contend that SaraCare had "absolutely no involvement in the design, testing, manufacture, sale, advertisement, marketing, promotion, labeling, or distribution" of the insulin pump (Doc. 1, p. 7).

SaraCare admits that its role in this case was (1) to confirm that decedent's letter of medical necessity met Blue Cross Blue Shield's guidelines for reimbursement; and (2) to take the order and route it to a third party authorized Medtronic distributor for direct

shipment (Doc. 20, p. 5).[1]  Medtronic also asserts that SaraCare collected "the required copayments or deductible from decedent." (Doc. 1, p.8).

Defendants compare SaraCare's role in this action to that of a pharmacist who may not be liable for properly filled prescriptions (Doc. 1, p. 8).  On the other hand, Plaintiff argues that SaraCare is a traditional distributor.  Here, the product that allegedly caused the harm is the pump itself, not the insulin.  Because Plaintiff claims that the pump malfunctioned, the traditional medical device line of strict liability cases governs.  And, even though SaraCare never took possession of the insulin pump, its role in the situation was part of the "distributive chain."  It took the decedent's order and payment and routed it to a third-party who actually possessed the pump and shipped it.  For its services, it made a profit.  A strict products liability claim, therefore, can be maintained against SaraCare.  It is a proper party, and diversity jurisdiction does not exist.

The Motion to Remand (Doc. 10) is **GRANTED**. This case is remanded to the Circuit Court for Bay County, Florida.

**ORDERED** on June 22, 2011.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**

---

[1] Because SaraCare's Motion for Summary Judgment asserts that it is an improper party to this action, I consider it in this Motion for Remand.